## UNITED STATES v. WELLS et al.

(Circuit Court of Appeals, Second Circuit. December 8, 1896.)

CUSTOMS DUTIES—CLASSIFICATION—GREASE AND OIL.

Grease and oils, commonly used in soap making, wire drawing, or for stuffing or dressing leather, and which are fit only for such uses, were entitled to free entry under paragraph 599 of the act of October 1, 1890, though they might be scientifically classed under some of the duty schedules. Accordingly, *held*, that "Japanese fish oil," fit only for such uses, was duty free under this paragraph, and not classifiable, under paragraph 46, as "whale and other fish oil." Magone v. Heller, 14 Sup. Ct. 18, 150 U. S. 70, applied.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal from a decision of the circuit court for the Southern district of New York, filed January 9, 1896, reversing a decision of the board of United States general appraisers, which had affirmed the decision of the collector of customs at the port of New York. The importation was of certain fish oil, known in the trade as "Japanese fish oil."

Max J. Koehler, for the United States.

Edward Hartley, for appellee.

Before LACOMBE and SHIPMAN, Circuit Judges.

PER CURIAM. The collector exacted duty under the provisions of paragraph 46 of the act of October 1, 1890, which reads as follows:

"46. Seal, herring, whale and other fish oil, not specially provided for in this act, eight cents per gallon."

The importers protested, claiming that the merchandise was free of duty, under paragraph 599 of the same act, which provides as follows:

"599. Grease, and oils, such as are commonly used in soap-making or in wire-drawing, or for stuffing or dressing leather and which are fit only for such uses, not specially provided for in this act."

The decision of the supreme court in Magone v. Heller, 150 U. S. 70, 14 Sup. Ct. 18, is controlling in this case. It is entirely plain that it was the intention of congress that any oil which was commonly used in the arts for the purposes designated in paragraph 599, and was fit only for such uses, should come into this country free of duty, although it might be scientifically classed as one kind of an article, the name of which appears in some of the duty schedules, or is spoken of in commerce by that name. The manufacturing use must prevail over the scientific or commercial nomenclature. The evidence abundantly proves that Japanese fish oil, such as was imported in this case, was commonly used for the purposes named in paragraph 599, and is fit only for such uses. The board of general appraisers, it is true, find that such oil is used "possibly for other purposes"; but, as there is no evidence found in the record to sustain this finding, it must be assumed that it is a mere guess of the board, as the language used in the finding sufficiently indi-

cates. The witnesses who dealt in the article, and were familiar with its uses, all testified that they knew of no other purpose that it has ever been used for.

The decision of the circuit court is affirmed.