### EDWARD HILL'S SONS & CO. v. UNITED STATES.

#### (Circuit Court, S. D. New York. January 18, 1906.)

#### No. 3,713.

CUSTOMS DUTIES—CLASSIFICATION—OLEIC ACID—RED OIL—SOAP STOCK.

So-called red oil or oleic acid, which is used otherwise than as soap stock, *held* not to be within the provision in Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 568, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1684], of "oils * * * commonly used in soap making, * * * fit only for such uses," but to be dutiable as an acid not specially provided for, under section 1, Schedule A, par. 1, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626].

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 5,807 (T. D. 25,648), which affirmed the assessment of duty by the collector of customs at the port of New York.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

Charles Duane Baker, Asst. U. S. Atty.

HAZEL, District Judge. The importers, objecting to the conclusions of the Board of General Appraisers that the importation is oleic acid or red oil, contend that such article is entitled to free entry under Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 568, 30 Stat. 198 [U. S. Comp. St. 1901, p. 1684], as "Crude Soap Stock." The free

list provides that "grease and oils (excepting fish oil), such as are commonly used in soap making  *   *   *  and which are fit only for such uses, n. s. p. f.," shall be exempt from duty. It is practically admitted by the importers that, aside from a slight difference in color, the article from a scientific point of view is oleic acid. If its sole use were a manufacturing ingredient of textile soap, as claimed by the importers, doubtless the principle of United States v. Wells, 77 Fed. 411, 23 C. C. A. 210, would apply, for, as stated in that case, "the manufacturing use must prevail over the scientific or commercial nomenclature." Several witnesses for the government, however, testified to various uses to which the article in question may be put, and it is fit for uses other than soap making. To entitle the importation to free entry, the burden rests upon the importer to show the contrary or that it is useful simply for the specific purpose. This they have failed to do. The rule invoked by the government that the decision of the board will not be disturbed upon the facts if it is fairly sustained, even though the court inclines to a different opinion, is thought to be controlling here. In re Buffalo Nat. Gas Fuel Co. (C. C.) 73 Fed. 191.

Therefore the decision of the board affirming the collector and holding the merchandise dutiable at 25 per centum ad valorem, under paragraph 1 of the existing tariff act section 1, Schedule A, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626], as an acid not otherwise specially provided for, is approved.